NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3710-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

 v.

STANFORD YOUGH,

 Defendant-Appellant.
___________________________________

 Submitted October 17, 2017 – Decided October 27, 2017

 Before Judges Fisher and Fasciale.

 On appeal from the Superior Court of New
 Jersey, Law Division, Passaic County,
 Indictment No. 06-04-0402.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Steven M. Gilson, Designated
 Counsel, of counsel and on the brief).

 Camelia M. Valdes, Passaic County Prosecutor,
 attorney for respondent (Marc A. Festa, Senior
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM

 At the conclusion of a 2007 jury trial, defendant was

convicted of second-degree robbery and, later that same year,

sentenced as a persistent offender to an extended fifteen-year
prison term, subject to an eighty-five percent period of parole

ineligibility. We reversed his conviction and remanded for a new

trial. State v. Yough, No. A-3832-07 (App. Div. 2010). The Supreme

Court, however, reversed our determination and remanded for our

consideration of other issues we previously found unnecessary to

decide. State v. Yough, 208 N.J. 385 (2011). We then rejected

defendant's remaining arguments and affirmed the judgment of

conviction. State v. Yough, No. A-3832-07 (App. Div. 2013). And

the Supreme Court denied defendant's subsequent petition for

certification. 214 N.J. 176 (2013).

 Defendant filed a pro se post-conviction relief (PCR)

petition in 2014. The judge1 heard argument and denied the PCR

petition for reasons set forth in a thorough oral decision in

2016.

 Defendant appeals, arguing in a single point:

 THIS MATTER MUST BE REMANDED FOR AN
 EVIDENTIARY HEARING BECAUSE DEFENDANT
 ESTABLISHED A PRIMA FACIE CASE OF TRIAL
 COUNSEL'S INEFFECTIVENESS FOR FAILING TO
 INVESTIGATE AN ALIBI DEFENSE.

We find insufficient merit in this argument to warrant further

discussion in a written opinion, R. 2:11-3(e)(2), except to add a

few brief comments.

1
 The PCR judge was also the trial judge.

 2 A-3710-15T3
 Defendant argued to the PCR judge that he was deprived of the

effective assistance of counsel because his trial attorney failed

to investigate an alibi defense. The robbery occurred in Paterson

at approximately 1:00 a.m., on October 10, 2005, and, as part of

his PCR petition, defendant provided his sister's affidavit. She

asserted that defendant "could not have committed the crime for

which he was convicted" because, during that time frame,

 I would come home from work at late hours
 during the early morning (12:30 a.m. to 1:00
 a.m.) and my brother would be at home to open
 the door and would always be there around the
 same time, he would go to his room and go to
 bed and go [to] work in the morning. He did
 this regularly as part of his routine and I
 know he did this during the month of October
 2005.

 Argument during the PCR hearing revealed that defendant and

his sister shared a home that was approximately 1.3 miles from the

robbery scene. As the judge recognized when he explored the

affidavit's assertions,2 defendant's sister did not directly state

defendant was home when the robbery occurred on October 10, 2005,

only that "during the month of October 2005" he "routine[ly]"

would be at home around that time. Even if the record contained a

2
 Although the PCR petition was filed more than five years from
the entry of the judgment of conviction, the judge did not invoke
the time-bar contained in Rule 3:22-12(a), but instead considered
the merits.

 3 A-3710-15T3
sworn statement to suggest that what defendant's sister said in

her affidavit was conveyed to defense counsel prior to trial3 –

the attorney, after all, could not be expected to investigate an

alibi defense that was not suggested by the information provided

by defendant or others – we find no merit in defendant's contention

that the judge should have conducted an evidentiary hearing into

these allegations. We discern from his oral decision that the

judge assumed the truth of defendant's sister's affidavit but

found that acceptance of those assertions at face value did not

present an effective alibi defense. Indeed, like the experienced

trial judge, we agree that even if the attorney knew of this

information he would have reasonably viewed this alleged alibi

defense as tactically unfeasible. As the judge recognized,

testimony from defendant's sister in conformity with this

affidavit would actually have placed defendant within close

proximity of the crime scene without the benefit of a definitive

assertion that she saw him at their home at the time the robbery

occurred.

3
 The only sworn statement that might suggest this fact – the
inclusion in the sister's affidavit of her statement that "[h]is
attorney was asked by him to interview me to be a witness at his
trial" – would not have been admissible.

 4 A-3710-15T3
 For these reasons and substantially for the reasons set forth

by the judge in his cogent oral decision, we conclude that

defendant failed to demonstrate a prima facie case of

ineffectiveness under the Strickland/Fritz4 test.

 Affirmed.

4
 Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.
Ed. 2d 674 (1984); State v. Fritz, 105 N.J. 42 (1987).

 5 A-3710-15T3